UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ROBIN E. DICKENS,<br><br>      Debtor,<br><br>ROBIN E. DICKENS,<br><br>      Debtor-Appellant,<br><br>   v.<br><br>PHH MORTGAGE SERVICES,<br><br>      Appellee. | 24 Civ. 4200 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

This appeal arises from the Chapter 13 bankruptcy proceedings of Robin E. Dickens (the "Debtor-Appellant" or "Debtor"). Debtor-Appellant Dickens challenges the order of the United States Bankruptcy Court for the Southern District of New York (Philip Bentley, Bankr. J.), denying Debtor's motion to expunge the claim made by Low Valley Trust serviced by PHH Mortgage Services (the "Creditor"). For the reasons set forth below, the bankruptcy court's order is **AFFIRMED**.

## BACKGROUND

The oral ruling of the bankruptcy court, *see* Motion to Expunge Hearing ("Mot. to Expunge Hr'g"), ECF No. 26-1 adopted in its Order Denying Debtor's Motion to Expunge Claim, *see* Appellee's Appendix to Brief ("Appellee's App.") 55, ECF No. 32-1, sets forth the facts relevant to this matter.[1]

---

[1] Debtor-Appellant's opening brief was not accompanied by an "appendix containing excerpts from the record" as required under Federal Rule of Bankruptcy 8018(b)(1). Creditor-Appellee, however, attaches an appendix to its brief, which this opinion draws on for purposes of citing to the record.

On October 25, 2006, Bernice Dickens, the Debtor's mother, took out a reverse mortgage for $1,387,500.00, secured by a property located at 274 West 127th Street, New York, NY 10027 (the "Property"). *See* Debtor-Appellant's Br. ¶ 2, ECF No. 5. Bernice Dickens died on May 26, 2011. *Id.* The Debtor inherited the Property as the sole heir, prior to the bankruptcy, and currently resides at the Property. Mot. to Expunge Hr'g at 5:22-24, 6:13-14. "According to the mortgage note and security agreement, the [reverse mortgage] loan was non-recourse, meaning that the debtor's mother was not personally liable for the debt." *Id.* at 5:22-6:1.

"As is common with reverse mortgages," Bernice Dicken's death "was deemed a maturity event," making "all amounts owed under the agreement . . . due and payable." *Id.* at 6:2-8. In this case, "[i]t's undisputed . . . that the passing of the debtor's mother constituted a maturity event and therefore . . . the entire amount due under the loan became due and payable . . . prior to the bankruptcy." *Id.* at 9-14.

*Bankruptcy Court Proceedings.* On May 23, 2023, Debtor filed her Chapter 13 bankruptcy petition in which she claimed an interest in the Property on her Schedule A/B. *See* Appellee's Br. at 3, ECF No. 32. Creditor filed a proof of claim for $1,234,468.16, which was the total "amount owed on the reverse mortgage" that became immediately due upon the death of Debtor's mother. *Id.* As an opportunity for Debtor to cure her default, Creditor later filed an amended proof of claim for $176,599.15,[2] which represented the prepetition advances made. *See id.*; Debtor-Appellant's Br. ¶ 10. Debtor filed a motion to expunge and objection to proof of claim, *see* Appellee's App. at 37-44, which Creditor opposed, *see id.* at 46-53.

---

[2] Debtor-Appellant states that Creditor filed an amended claim for $167,704.00, rather than $176,599.15. The materials provided to the court suggest that $175,599.15 is the correct amount in Creditor's amended proof of claim. *Compare id. and* Appellee's App. at 47, 51 *and* Mot. to Expunge Hr'g at 9:8-11 *with* Debtor-Appellant's Br. ¶ 10.

On April 18, 2024, the bankruptcy court heard arguments and provided a ruling from the bench. *See* Appellee's Br. at 3; Mot. to Expunge Hr'g. The bankruptcy court ruled:

> The debtor's main argument is that she is not a signatory to the loan . . . and not a guarantor under the loan, and therefore the loan cannot be a claim in her bankruptcy case. However, the bankruptcy code and the case law interpreting it is squarely contrary to the debtor's position on that issue.

Mot. to Expunge Hr'g at 6:15-20. An order followed denying Debtor's motion to expunge. Appellee's App. at 55. This appeal ensued.

## LEGAL STANDARD

A bankruptcy court's factual findings are accepted unless clearly erroneous, and its legal conclusions are reviewed de novo. *See Argo Fund, Ltd. v. Bd. of Dirs. of Telecom Arg., S.A. (In re Bd. of Dirs. of Telecom Arg., S.A.)*, 528 F.3d 162, 168-69 (2d Cir. 2008); *In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007).

## DISCUSSION

Debtor raises two arguments on appeal, each of which is discussed in turn below. Debtor argues that Creditor did not have a valid claim under the bankruptcy code, as Debtor did not owe any debt personally nor was ever obligated on the mortgage or the underlying note. Therefore, Debtor argues, Creditor's claim was invalid and not subject to inclusion in a Chapter 13 plan. Creditor's response is that a creditor's right to proceed in rem against the debtor's estate constitutes a valid claim, regardless of personal liability or contractual privity.

Additionally, Debtor argues—for an heir filing a Chapter 13 bankruptcy to protect a home they inherited and live in—as long as she is current on her real estate taxes and maintains her homeowner insurance, she is not obligated to include the Creditor's claim in her Chapter 13 plan. Creditor responds that Debtor may maintain or modify a reverse mortgage through a Chapter 13 plan only if the plan provides for payment of the amount due and owing. On both issues, the

bankruptcy court agreed with Creditor. This Court perceives no reversible error in the bankruptcy court's analysis, and therefore affirms.

### A. Validity of Creditor's Claim

Debtor's primary argument is that Creditor's "claim is improper" because Creditor's claim "fails to fall into the definition of a 'claim' under the Bankruptcy Code" because "there is no debt owed by the Debtor." Debtor-Appellant's Br.¶ 18. Debtor asserts that she owes no debt personally because "neither the note nor the mortgage was ever put in the [her] name," she was "never obligated on the mortgage or the underlying note," and she was not "a signatory or guarantor on the note/mortgage." *Id.* ¶¶ 17, 19. To support her claim, Debtor cites no case law. Most fatally, Debtor ignores controlling Supreme Court precedent in *Johnson v. Home State Bank*, 501 U.S. 78 (1991)—and its progeny—which were cited by the bankruptcy court in its oral ruling.

The Supreme Court in *Johnson*, applying a "straightforward . . . statutory construction," "ha[d] no trouble concluding that a mortgage interest that survives the discharge of a debtor's personal liability is a "claim" within the terms of [11 U.S.C. § 101(5)]." 501 U.S. at 83-84. The *Johnson* court held that "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." *Id.* at 84. A "creditor's right to proceed *in rem* constituted a 'claim' subject to inclusion in a chapter 13 plan." *In re Abreu*, No. 15 Civ. 44844, 2017 WL 4286141, at *5 (Bankr. E.D.N.Y. Sep. 25, 2017) (quoting *Johnson*, 501 U.S. at 84). While Debtor cites the definition of "claim" pursuant to 11 U.S.C. § 101(5) in support of her arguments, she omits that 11 U.S.C. § 102(2) establishes, as a rule of construction, that the phrase "'claim against the debtor' includes claim against property of the debtor." *Johnson*, 501 U.S. at 85 (citing 11 U.S.C. § 102(2)).

"Under circumstances virtually indistinguishable from these, in which property subject to a mortgage is conveyed to a debtor without an assignment of the mortgage, the case law provides

that a mortgagee holds a 'claim' for the purpose of [11 U.S.C. § 1322]." *In re Abreu*, 2017 WL 4286141, at *5; *see also In re Lumpkin*, 144 B.R. 240, 242 (Bankr. D. Conn. 1992) ("[A] chapter 13 plan may deal with a claim when there is no personal liability no matter what circumstances underlay the lack of personal liability.").

Courts interpreting *Johnson* have held that creditors can hold a "claim" for the purpose of a Chapter 13 plan, even if there is no privity of contract between the creditor and the debtor. *See In re Wilcox*, 209 B.R. 181, 182 (Bankr. E.D.N.Y. 1996) (where debtor inherited an interest in the property that was used as collateral in a reverse mortgage); *In re Allston*, 206 B.R. 297, 298 (Bankr. E.D.N.Y. 1997); *In re Rutledge*, 208 B.R. 624, 628-29 (Bankr. E.D.N.Y. 1997). The only post-*Johnson* case in the Second Circuit in which a court ruled that the creditor had no claim against the debtor in a Chapter 13 context, involved facts that are distinguishable from this case. *See In re Kizelnik*, 190 B.R. 171, 174 (Bankr. S.D.N.Y. 1995) (holding that bank did not have a claim against property of the debtor's estate where debtor did not own the property).

Here, the Court finds that the Creditor holds a valid claim under the bankruptcy code, irrespective of Debtor's lack of personal liability or contractual privity.

### B. Status Quo Argument

Debtor raises a secondary argument that in situations where "an heir is trying to save a home they live in and inherited, which is subject to a reverse mortgage" the heir may file a Chapter 13 bankruptcy to protect the property "provided he or she maintains the status quo." Debtor-Appellant Br. ¶¶ 31-32. Debtor asserts that rather than pay "adequate protection," she need only pay real estate taxes and maintain her homeowner's insurance. *Id.* ¶ 32. Debtor cites *In re Griffin*, 489 B.R. 638 (Bankr. D. Md. 2013), to support her argument. As the bankruptcy court correctly explained, however, the Debtor's argument relies on "a misreading of the holding in Griffin." Mot. to Expunge Hr'g at 8:12-13.

Similar to this case, the reverse mortgage in *Griffin* became due and payable upon the death of the debtor's mother. The court held that the full accelerated debt amount could be paid over the entire course of the Chapter 13 plan. *In re Griffin*, 489 B.R. at 642 ("debtors are permitted under § 1322(c)(2) to modify a mortgage creditor's rights by proposing in their plan to pay the mortgage creditor in full over the course of the bankruptcy") (quoting *In re Brown*, 428 B.R. 672, 675 (Bankr. D.S.C. 2010)). *Griffin* is contradictory to Debtor's assertion that she need only to maintain the status quo by paying real estate taxes and maintaining homeowner's insurance.

The Court therefore concludes that the Debtor's status quo argument lacks merit. Because the Court determines that Creditor has a valid claim, subject to inclusion in a Chapter 13 plan, and rejects the Debtor's status quo argument, this Court finds no error with the bankruptcy court's order to deny Debtor's motion to expunge.

## CONCLUSION

For the reasons given above, the judgement of the bankruptcy court is **AFFIRMED**. The Clerk of Court is respectfully directed to enter judgment consistent with this Opinion and Order and to close the case.

SO ORDERED.

Dated: October 28, 2025

      New York, New York

                                              DALE E. HO
                                    United States District Judge